## IN THE UNITED STATES DISTRICT COURT FOR THE

## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Case No.   CR-13- 165-D |
| | ) | |
| TROY DEWAYNE HOWARD, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## PLEA AGREEMENT

### Introduction

1.      This document contains the entire plea agreement between defendant,

Troy Dewayne Howard, and the United States through its undersigned attorney.   No other

agreement or promise exists, nor may any additional agreement be entered into unless in

writing and signed by all parties.   Any unilateral modification of this agreement is hereby

rejected by the United States.   This agreement applies only to the criminal violations

described and does not apply to any civil matter or any civil forfeiture proceeding except as

specifically set forth.   This agreement binds only the United States Attorney's Office of

the Western District of Oklahoma and does not bind any other federal, state or local

1

prosecuting, administrative or regulatory authority.   If defendant does not accept the terms

of this agreement by 9 a.m. on Monday, August 5, 2013, then the offer is withdrawn.

### Guilty Plea

2.     Defendant agrees to enter a plea of guilty to a one-count Information

charging transportation of child pornography in violation of Title 18, United States Code,

Section 2252A(a)(1).   To be found guilty of violating Title 18, United States Code,

Section 2252A(a)(1), as charged in the Information, defendant must admit that between on

or about September 27, 2012, and January 22, 2013, in the Western District of Oklahoma:

(1) he knowingly transported using a means or facility of interstate or foreign commerce,

namely, Internet-based email and text messaging, an image of child pornography, namely,

imagejpeg95595year95old.jpeg, as defined in 18 U.S.C. § 2256(8), and (2) at such time he

knew that such image constituted child pornography, as defined in 18 U.S.C. § 2256(8).

### Maximum Penalty, Restitution and Special Assessments

3.     The maximum penalty that could be imposed as a result of this plea is

20 years' imprisonment or a fine of $250,000.00, or both such fine and imprisonment, as

well as a mandatory special assessment of $100.00, and a term of supervised release of not

less than five years to life.   There is a mandatory-minimum term of five years'

imprisonment for this count. In addition, the Court must order the payment of restitution to

the victim of the offense pursuant to 18 U.S.C. §§ 2259, 3663(a)(3) and 3663A.   In

addition to the punishment described above, a plea of guilty can affect immigration status.

If you are not a citizen of the United States, the effect of a guilty plea may result in deportation and removal from the United States, may prevent you from ever lawfully reentering or remaining in the United States, and may result in the denial of naturalization.

4.      Defendant agrees to pay the special assessment due the United States to the Office of the United States Court Clerk immediately following sentencing. Defendant understands that any fine or restitution ordered by the Court is immediately due unless the Court provides for payment on a date certain or in installments.

5.      For certain statutory offenses, the Court must also impose a term of supervised release, which defendant will begin to serve after being released from custody. For all other offenses, the court may impose a term of supervised release to be served following release from custody. During the term of supervised release, defendant will be subject to conditions that will include prohibitions against violating local, state or federal law, reporting requirements, restrictions on travel and residence, and possible testing for controlled substance use. If defendant violates the conditions of his supervised release, the Court may revoke his supervised release, and sentence him to an additional term of imprisonment. This additional term of imprisonment would be served without credit for the time defendant successfully spent on supervised release. When combined, the original term of imprisonment and any subsequent term of imprisonment the Court imposes may exceed the statutory maximum prison term allowable for the offense.

**Forfeiture**

3

A.     Defendant agrees to forfeit to the United States voluntarily and immediately, pursuant to 18 U.S.C. § 2253, all property, real and personal, used or intended to be used to commit or to promote the commission of such offense, or any property traceable thereto, including but not limited to the following:

1.     Verizon iPhone, Serial Number:   C8QJCGAKDP0V,

Model: MD439LL.

B.     Defendant agrees that the listed asset was used to facilitate the commission of the offense.

C.     Defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of the asset.   Defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of the asset in any proceeding, and further waives any claim or defense under the Eighth amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture or disposition of the assets by the United States, the State of Oklahoma, or its subdivisions.

D.     Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with the forfeiture provided for herein.

E.     Forfeiture of defendant's asset shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture.

F.      Defendant agrees not to file a claim to any of the listed property in civil, administrative, or judicial proceeding, which may be initiated.

G.      Defendant hereby waives his right to notice of any forfeiture proceeding involving the listed property, and agrees not to file a claim or assist others in filing a claim in that forfeiture proceeding.

## Sentencing Guidelines

6.      The parties acknowledge that 18 U.S.C. § 3553(a), directs the Court to consider certain factors in imposing sentence, including the Sentencing Guidelines promulgated by the United States Sentencing Commission.  Consequently, although the parties recognize that the Sentencing Guidelines are only advisory, they have entered into certain stipulations and agreements with respect to the Guidelines.  Based upon the information that is known to the parties on the date this agreement is executed, they expect to take, but are not limited to, the following positions at sentencing:

The parties agree defendant should receive a 2-level downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a), if he commits no further crimes, does not falsely deny or frivolously contest relevant conduct, and fully complies with all of the other terms of this agreement.  Further, to the extent the Court finds defendant qualifies for that 2-level downward adjustment and USSG § 3E1.1(b) is applicable, the government agrees to move for the additional 1-level downward adjustment

of § 3E1.1(b), if defendant accepts the terms of this plea agreement by the deadline established in Paragraph 1.

Apart from any expressed agreements and stipulations, the parties reserve the right to advocate for, and present evidence relevant to, other guideline adjustments and sentencing factors for consideration by the U.S. Probation Office and the Court.

The parties have entered into this plea agreement under the provisions of Rule 11(c)(1)(B). Defendant also acknowledges and understands that the Court is not bound by, nor obligated to accept, these stipulations, agreements, or recommendations of the United States or defendant.   And, even if the Court rejects one or more of these stipulations, agreements, or recommendations, that fact alone would not allow defendant to withdraw his plea of guilty.   It is the expectation of the United States that its criminal investigation of defendant's conduct (as opposed to the wrongdoing of others) will cease upon the signing of this plea agreement.   However, subject to the terms and conditions of this plea agreement, the United States expressly reserves the right to take positions that deviate from the foregoing stipulations, agreements, or recommendations in the event that material credible evidence requiring such a deviation is discovered during the course of the United States' investigation subsequent to the signing of this agreement or arises from sources independent of the United States, including the U.S. Probation Office.

**Waiver of Right to Appeal and Bring Collateral Challenge**

6

7.     Defendant understands that the Court will consider those factors in 18 U.S.C. § 3553(a) in determining his sentence.   Defendant also understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum for the offense(s) to which he is pleading guilty.   Defendant further understands that 28 U.S.C. § 1291, and 18 U.S.C. § 3742, give him the right to appeal the judgment and sentence imposed by the Court.   Acknowledging all this, defendant in exchange for the promises and concessions made by the United States in this plea agreement, knowingly and voluntarily waives his right to:

a.     Appeal or collaterally challenge his guilty plea, sentence and restitution imposed, and any other aspect of his conviction, including but not limited to any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues;

b.     Appeal, collaterally challenge, or move to modify under 18 U.S.C. § 3582(c)(2) or some other ground, his sentence as imposed by the Court and the manner in which the sentence is determined, provided the sentence is within or below the advisory guideline range determined by the Court to apply to this case.   Defendant acknowledges that this waiver remains in full effect and is enforceable, even if the Court rejects one or more of the positions of the United States or defendant set forth in paragraph 6.

7

c.     It is provided that defendant specifically does not waive the right to appeal a sentence above the advisory sentencing guideline range determined by the Court to apply to this case.

8.     The United States agrees to waive its right under 18 U.S.C. § 3742 to appeal the sentence imposed by the Court and the manner in which the sentence was determined, provided defendant's sentence is within the advisory guideline range determined by the Court to apply to this case.  By this agreement, the United States specifically does not waive its right to appeal a sentence below the advisory sentencing guideline range determined by the Court to apply to this case.

9.     Defendant expressly acknowledges that he is not a "prevailing party" within the meaning of 18 U.S.C. § 3006A with respect to the count of conviction or any other count or charge that may be dismissed pursuant to this agreement.  If defendant is represented by retained counsel, he voluntarily, knowingly, and intelligently waives any rights he may have to seek reasonable attorney's fees and other litigation expenses under 18 U.S.C. § 3006A.

### Obligations of Defendant

10.    Defendant shall commit no further crimes and shall comply with all aspects of the plea agreement.  It is understood that, should defendant commit any further crimes or otherwise violate any provision of this agreement, the United States may declare

this agreement null and void and prosecute defendant for any and all his federal criminal violations.

## The Obligations of the United States

11.    If defendant enters a plea of guilty as described above and fully meets all obligations under this agreement, defendant will not be further prosecuted by the United States Attorney's Office for the Western District of Oklahoma for other crimes related to his possession of child pornography on his iPhone and a desktop computer, in violation of 18 U.S.C. § 2252A(a)(5)(B), and his advertising of child pornography in violation of 18 U.S.C. § 2251(d).   This agreement does not provide any protection against prosecution for any crime not specifically described above.

12.    It is understood that the sentence to be imposed upon defendant is within the sole discretion of the Court.   The United States does not make any promise or representation as to what sentence defendant will receive.   The United States reserves the right to inform the Probation Office and the Court of (a) the nature and extent of defendant's activities with respect to this case and all other activities of defendant which the United States deems relevant to sentencing, and (b) the nature and extent of defendant's cooperation with the United States.

## Signatures

13.    By signing this agreement, defendant acknowledges that he has discussed its terms with his attorney and understands and accepts those terms.   Further,

defendant acknowledges that this document contains the only terms of the agreement concerning his plea of guilty in this case, and that there are no other deals, bargains, agreements, or understandings which modify or alter these terms.

Dated this _1st_ day of _August_ , 2013.

APPROVED:

_____
KERRY A. KELLY
Deputy Chief, Criminal Division


_____
TROY DEWAYNE HOWARD

SANFORD C. COATS
United States Attorney

_____
BRANDON HALE
Assistant U.S. Attorney
Western District of Oklahoma
210 Park Avenue, Ste. 400
Oklahoma City, Oklahoma 73102
(405) 553-8813 (Office)
(405) 553-8888 (FAX)


_____
S. THOMAS ADLER II
Attorney for Defendant

10