IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CR-13-165-D |
| TROY DEWAYNE HOWARD, | ) ) ) |
| Defendant. | ) |

**ORDER**

Before the Court is Defendant Troy Dewayne Howard's *pro se* Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and Suggestions in Support [Doc. Nos. 33, 34]. The government filed a response in opposition [Doc. No. 39], to which Defendant replied [Doc. No. 43]. The motion is fully briefed and at issue.

**BACKGROUND**

On August 12, 2013, Defendant pled guilty to a one-count Information [Doc. No. 1], charging him with transportation of child pornography, in violation of 18 U.S.C. § 2252A(a)(1). On January 30, 2014, Defendant was sentenced to 235 months of imprisonment [Doc. No. 13]. Defendant did not file a direct appeal. On September 11, 2018, Defendant filed a motion under 28 U.S.C. § 2255 [Doc. No. 15], which was denied as time-barred under § 2255(f) [Doc. No. 20]. On September 12, 2022, Defendant filed a motion seeking modification of his conditions and term of supervised release [Doc. No. 28], which was denied for the reasons set forth in the Court's prior Order [Doc. No. 32].

On June 17, 2024, Defendant filed the instant motion for compassionate release, requesting immediate release due to numerous health issues, the COVID-19 pandemic, his age and length of time served, prison conditions, an unspecified change in the law, and his rehabilitation.

## STANDARD OF DECISION

Although a district court generally may not modify a defendant's sentence, it may reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). A defendant may seek compassionate release in a district court only after "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

After administrative remedies are exhausted, a district court may grant a request for compassionate release only if it (1) "finds that extraordinary and compelling reasons warrant such a reduction," (2) "finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) "considers the factors set forth in [18 U.S.C.] § 3553(a), to the extent that they are applicable." *United States v. Hemmelgarn*, 15 F.4th 1027, 1029 (10th Cir. 2021) (quoting *United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021)). If any one of these three requirements is lacking, a district court may deny the compassionate-release motion. *Id.*

## DISCUSSION

**I.     Failure to Exhaust Administrative Remedies**

Although it appears from the record that Defendant waited the requisite 30 days after his warden received his compassionate-release request to file the instant motion, the government relies on 28 C.F.R. § 571.61(a) in arguing that Defendant has failed to exhaust his administrative remedies by failing to include a release plan in his request to the warden [Doc. No. 39, at 8-9].

Section 571.61(a) regulates an inmate's compassionate-release request and provides, in relevant part, as follows:

> The inmate's request shall at a minimum contain the following information:
>
> > (1) The extraordinary or compelling circumstances that the inmate believes warrant consideration.
> >
> > (2) Proposed release plans, including where the inmate will reside, how the inmate will support himself/herself, and, if the basis for the request involves the inmate's health, information on where the inmate will receive medical treatment, and how the inmate will pay for such treatment.

Upon consideration, because Defendant did not include a release plan in his request to the warden, he has failed to exhaust his administrative remedies pursuant to § 3582(c)(1)(A). *See United States v. Tafoya*, No. 22-2110, 2023 WL 4446353, at *2 (10th Cir. July 11, 2023) ("Finally, Tafoya's request to the warden failed to identify any proposed release plans, as § 571.61(a)(2) requires. Because Tafoya's request to the warden sought only CARES Act relief and he failed to identify any release plans, he failed to exhaust administrative remedies for his request for § 3582(c)(1)(A) compassionate release."); *see*

*also United States v. Ramirez*, No. CR-13-138-F, Doc. No. 796, at 3 (W.D. Okla. Nov. 1, 2021) ("This court has previously ruled that a failure to provide a proposed release plan as required by 28 C.F.R. § 571.61(a)(2) constitutes a failure to exhaust administrative remedies."); *United States v. Etheridge*, No. CR-10-371-D, Doc. No. 202, at 4 (W.D. Okla. June 28, 2024) (denying compassionate-release motion for failure to include a release plan in request to warden). Defendant's argument that he "did not include a release plan because he will have to secure a release plan when he has a release date" is insufficient under § 571.61(a). For these reasons, the Court concludes that Defendant did not satisfy the exhaustion requirements of § 3582(c)(1)(A) prior to filing his motion.

## II.  Motion for Compassionate Relief

Even though the Court finds that Defendant did not satisfy the exhaustion requirements of § 3582(c)(1)(A), the Court alternatively rules on the merits of Defendant's motion in the interests of judicial economy. Had Defendant exhausted his administrative remedies, Defendant's motion does not establish that a sentence reduction is warranted. As stated above, courts may grant compassionate release only after finding that 1) extraordinary and compelling reasons warrant a sentence reduction; 2) a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and 3) the § 3553 factors, to the extent they are applicable, weigh in favor of compassionate release. *Hemmelgarn*, 15 F.4th at 1029 (10th Cir. 2021) (quotations omitted). "[D]istrict courts are free to deny relief on the basis of any one of § 3582(c)(1)(A)'s requirements without considering the others." *United States v. Hald*, 8 F.4th 932, 936-37 (10th Cir. 2021).

A.        Extraordinary and Compelling Reasons

USSG §1B1.13 delineates several circumstances which qualify as "extraordinary and compelling reasons" for purposes of § 3582(c)(1)(A). Construed liberally, Defendant's motion implicates §1B1.13(b)(1) (medical circumstances of the defendant); §1B1.13(b)(2) (age of the defendant); §1B1.13(b)(5) (other reasons similar in gravity to those outlined in subsections (b)(1) – (b)(4)); and §1B1.13(b)(6) (unusually long sentence).

       i.        <u>Medical Circumstances of Defendant</u>

Defendant contends that he suffers from serious medical issues that are not being addressed by the Bureau of Prisons. In his motion, Defendant alleges that he suffers from hypertension, diabetes, osteoarthritis, melanocytic nevus (mole), anemia, intellectual disability, nearsightedness, astigmatism, proteinuria, depression, and anxiety.

Construed liberally, Defendant's motion appears to rely on USSG §§1B1.13(b)(1)(B), (C), and (D). First, Defendant's medical circumstances do not satisfy §1B1.13(b)(1)(B), which requires a "serious physical or medical condition" that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." For purposes of this motion, the Court assumes without deciding that at least one of Defendant's various medical conditions could be considered a "serious physical or medical condition." However, upon review of Defendant's medical records, Defendant's medical conditions appear to be controlled with medication, and there is no indication from Defendant's motion or his medical records that he is unable to care for himself while incarcerated.

5

USSG §1B1.13(b)(1)(C) applies when "[t]he defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." Although Defendant lists numerous medical conditions, he does not sufficiently allege that he is not being provided required long-term or specialized medical care or that, without such care, he is at risk of death or a serious decline in health. Defendant's allegation that his "serious medical issues … are not being addressed by the Bureau of Prisons" is unsupported. Rather, Defendant's medical records reflect that he is receiving treatment for his medical conditions, which appear to be controlled with medication.

Finally, USSG §1B1.13(b)(1)(D) applies when 1) the defendant is housed at a correctional facility affected or at imminent risk of being affected by an ongoing outbreak of infectious disease, such as COVID-19; 2) due to personal health risk factors, the defendant is at an increased risk of suffering severe medical complications or death if exposed; and 3) the risk of exposure cannot be adequately mitigated in a timely manner. The Court finds that a reduction in Defendant's sentence is not warranted due to COVID-19. Defendant is housed at a correctional facility that has zero active cases of COVID-19.[1] It also appears that Defendant previously contracted COVID-19 in November of 2020, and Defendant does not allege in his motion that he suffered severe medical complications as a result [Doc. No. 40-1, at 53]. Since contracting COVID-19, Defendant has received three doses of the COVID-19 vaccine [Doc. No. 40-1, at 274]. Under these

---

[1] Federal Bureau of Prisons, *COVID-19 Cases*, https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp (last visited Oct. 21, 2024).

circumstances, Defendant's general concern about contracting the new strain of COVID-19 is insufficient to justify compassionate release.

For these reasons, the Court finds that Defendant has not shown extraordinary and compelling reasons related to his medical conditions.

    ii.    <u>Age of the Defendant</u>

Because Defendant is 43 years old, his age is not an extraordinary and compelling reason to warrant compassionate release. *See* USSG §1B1.13(b)(2) (describing an extraordinary and compelling reason where the defendant is at least 65 years old; is experiencing a serious deterioration in health due to aging; and has served at least 10 years of his sentence).

    iii.    <u>Unusually Long Sentence and Change in Law</u>

Pursuant to USSG §1B1.13(b)(6),

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

In his motion, Defendant advises that he has served more than ten years of his prison sentence. However, Defendant cites no change in the law that would produce a gross disparity between his current sentence and the sentence likely to be imposed today. Nor

7

does Defendant sufficiently allege that his sentence is unusually long. For these reasons, the Court finds that a sentence reduction is not warranted based on §1B1.13(b)(6).

    iv.    <u>Unusually Harsh Conditions</u>

Defendant also argues that he has experienced unusually harsh conditions as a result of lockdown measures undertaken to control the spread of COVID-19 and, further, that federal prisons have become unsafe due to staff shortages. However, these broad conditions faced by all inmates do not warrant Defendant's early release. *See United States v. Gonzalez*, No. CR-04-179-R, 2024 WL 899967, at *1 (W.D. Okla. Mar. 1, 2024) (quoting *United States v. Johnson*, No. 3:17-CR-01569-DCG-1, 2023 WL 2671403, at *5 (W.D. Tex. Mar. 28, 2023)) (declining to find extraordinary and compelling reasons in the context of prison-wide conditions related to COVID-19 because "harsh conditions faced by all inmates are not extraordinary.").

    v.    <u>Rehabilitation</u>

Defendant contends that he has been fully rehabilitated and has participated in all rehabilitation programs that have been made available to him. The Court commends Defendant's participation in available BOP programs. However, even if the Court were to agree with Defendant that he has been fully rehabilitated, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t).

    vi.    <u>Extraordinary and Compelling Reasons - Conclusion</u>

The Court finds that Defendant has not provided extraordinary and compelling reasons justifying compassionate release under 18 U.S.C. § 3582(c)(1)(A). This includes a finding that Defendant has not presented circumstances similar in gravity to those

described in USSG §1B1.13(b)(1) – (4). *See* USSG §1B1.13(b)(5). Because Defendant has not shown extraordinary and compelling reasons, the Court declines to address the remaining requirements of § 3582(c)(1)(A). *See Hald*, 8 F.4th at 936-37. For the reasons stated herein, even if Defendant had exhausted his administrative remedies with respect to his § 3582 motion, he has not shown that a sentence reduction is warranted.

### III.  Request to Appoint Counsel

Additionally, the Court declines to appoint counsel. Where, as here, counsel is not required by the constitution, the decision to appoint counsel is a matter of judicial discretion. *See Hemmelgarn*, 15 F.4th at 1032; *Engberg v. Wyoming*, 265 F.3d 1109, 1121-22 (10th Cir. 2001). "In determining whether to appoint counsel, the district court should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). Upon consideration of these factors, the Court denies Defendant's request to appoint counsel, especially considering that Defendant has shown with the present motion he is capable of self-representation, and the legal issues raised by Defendant's request are not complex.

### CONCLUSION

For these reasons, Defendant Troy Dewayne Howard's *pro se* Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [Doc. No. 33] is **DENIED** at this time based on the arguments advanced in the motion. Defendant's request for the appointment of counsel is **DENIED**.

**IT IS SO ORDERED** this 21ˢᵗ day of October, 2024.

                                                  */s/ Timothy D. DeGiusti*
                                                 TIMOTHY D. DeGIUSTI
                                                 Chief United States District Judge