IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CR-13-165-D ) |
| TROY DEWAYNE HOWARD, | ) ) |
| Defendant. | ) ) |

## ORDER

Before the Court is Defendant's Emergency Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [Doc. No. 45].[1] The government has filed a response [Doc. No. 50]. The matter is fully briefed and at issue.

The Tenth Circuit has adopted a three-step test for district courts to apply when considering motions filed under § 3582(c)(1). *See United States v. McGee*, 992 F.3d 1035, 1042-43 (10th Cir. 2021). If a defendant has administratively exhausted his claim, the district court determines whether "(1) extraordinary and compelling reasons warrant a sentence reduction; (2) such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission; and (3) the factors set forth in 18 U.S.C. § 3553(a) support early release." *United States v. Pepper*, 851 F. App'x 890, 891 (10th Cir. 2021) (unpublished) (citing *McGee*, 992 F.3d at 1042).[2] "If any of the requirements are lacking, the district court may deny the motion without addressing the other factors." *Id.*

---

[1] Given Defendant's *pro se* status, the Court liberally construes his motion. "[T]his rule of liberal construction stops, however, at the point at which [the Court] begin[s] to serve as [the pro se litigant's] advocate." *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

[2] Unpublished opinions are cited pursuant to FED. R. APP. P. 32.1(a) and 10th Cir. R. 32.1(A).

1

Defendant Howard is currently serving a 235-month sentence of imprisonment for transportation of child pornography [Doc. No. 13]. He has previously made an unsuccessful motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) [Doc. Nos. 33, 34], which was denied about one year ago. In the Court's previous Order [Doc. No. 44], the Court found that Defendant had failed to exhaust his administrative remedies. Notably, the Court also addressed the merits of Defendant's motion and found that he had not established any extraordinary and compelling reasons warranting a sentence reduction [Doc. No. 44].

In the present motion, Defendant renews his request for relief under § 3582(c)(1)(A)(i). Defendant contends that his various medical conditions have worsened and that he is being denied mental health treatment. However, in its previous Order [Doc. No. 44], the Court found that Defendant's medical conditions do not constitute extraordinary and compelling circumstances warranting a sentence reduction under USSG §§1B1.13(b)(1)(B), (C), or (D). Rather, the Court found that Defendant's medical records reflected that he was receiving treatment for his conditions, which appeared to be controlled with medication; Defendant had not established that his medical conditions rendered him unable to care for himself while incarcerated; and Defendant's general concern about contracting the new strain of COVID-19 did not warrant a sentence reduction [Doc. No. 44, at 5-6].

In response to Defendant's present motion, the government provided updated medical records for Defendant [Doc. No. 50-1]. Upon review of the updated medical records, the Court finds that Defendant's medical conditions continue to be controlled with medication, and Defendant is receiving treatment for his mental condition. Further,

Defendant's medical records do not support his argument that his medical conditions have worsened such that his conditions now constitute an extraordinary and compelling circumstance under USSG §§1B1.13(b)(1)(B), (C), or (D).

Defendant also references his rehabilitation through participating in programming. The Court continues to commend Defendant's participation in available BOP programs. However, as the Court previously stated, "even if the Court were to agree with Defendant that he has been fully rehabilitated, '[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.'" [Doc. No. 44, at 8] (citing 28 U.S.C. § 994(t)).

Finally, the Court declines to appoint counsel for the same reasons set forth in its previous Order [Doc. No. 44].

For these reasons, Defendant's Emergency Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [Doc. No. 45] is **DENIED**.[3] Defendant's request for the appointment of counsel is **DENIED**.

**IT IS SO ORDERED** this 3rd day of September, 2025.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[3] Because the Court finds that no extraordinary and compelling reasons warrant a reduction in Defendant's sentence, the Court does not address Definant's argument that the § 3553(a) factors support early release. *See Pepper*, 851 F. App'x at 891 (citation omitted).