IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR-13-165-D |
| | ) |
| TROY DEWAYNE HOWARD, | ) |
| | ) |
| Defendant. | ) |

## **ORDER**

Before the Court is Defendant Troy Dewayne Howard's *pro se* Motion for Reconsideration of Denial of Motion for Reduction of Sentence [Doc. No. 53]. Defendant seeks reconsideration of the Court's prior Order [Doc. No. 52], in which the Court denied Defendant's Emergency Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [Doc. No. 45].

"Although the Federal Rules of Criminal Procedure do not authorize a motion for reconsideration, motions to reconsider in criminal prosecutions are proper." *United States v. Randall*, 666 F.3d 1238, 1241 (10th Cir. 2011) (internal quotation marks and citation omitted).

> A motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Specific grounds include: '(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.' *Id.* A motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier. *Id.*

1

*United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014).

Defendant first moved for a sentence reduction under § 3582(c)(1)(A)(i) on June 17, 2024 [Doc. Nos. 33, 34]. In a prior Order [Doc. No. 44], although the Court found that Defendant had not exhausted his administrative remedies prior to filing his motion, the Court addressed the merits of Defendant's § 3582 motion in the interest of judicial economy. *Id.* The Court denied Defendant's motion on the basis that he had not provided extraordinary and compelling reasons justifying compassionate release under § 3582(c)(1)(A). *Id.* at 4-9.

On June 13, 2025, Defendant renewed his request for compassionate relief by filing his Emergency Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [Doc. No. 45], arguing that his medical conditions had worsened and he was being denied mental health treatment. In its response, the government provided updated medical records for Defendant [Doc. No. 50-1]. In a previous Order [Doc. No. 52], the Court denied Defendant's § 3582 motion, finding that Defendant's updated medical records reflected that his medical conditions continued to be controlled with medication, and that Defendant was receiving treatment for his mental condition. *Id.* at 2. The Court further found that Defendant's updated medical records did not support his argument that his medical conditions have worsened such that his conditions would constitute an extraordinary and compelling circumstance under USSG §§1B1.13(b)(1)(B), (C), or (D). *Id.* at 2-3. Finally, the Court noted that—even if the Court were to agree with Defendant that he had been fully rehabilitated—"rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.* at 3 (citing 28 U.S.C. § 994(t)).

In the present motion, Defendant asks that the Court reconsider its Order [Doc. No. 52]. Defendant re-asserts that he "suffers from mental health issues which are not being addressed by the BOP which he will have for the rest of his life along with Type II diabetes, hypertension, osteoarthritis, anemia, etc." [Doc. No. 53, at 3]. The Court has addressed this argument in its previous Orders [Doc. Nos. 44, 52], and Defendant has provided no basis for the Court to reconsider its determination that Defendant's medical conditions do not constitute extraordinary and compelling circumstances under USSG §§1B1.13(b)(1)(B), (C), or (D) at this time.

Defendant also maintains that he has been rehabilitated. Again, although Defendant's efforts to rehabilitate himself are commendable, Defendant's attempt at post-sentencing rehabilitation alone does not warrant reconsideration of the Court's prior Order or any further sentencing relief. *See* USSG §1B1.13(d) ("Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement.").

For the first time, Defendant also argues that his 235-month sentence "exceeds the national average prison sentence imposed for child pornography in 2023." [Doc. No. 53, at 5]. This is insufficient to show that "a change in the law" produced "a gross disparity between the sentence being served and the sentence likely to be imposed" today. *See* USSG §1B1.13(b)(6). Further, Defendant received several sentencing enhancements under the

guidelines, resulting in a guideline imprisonment range of 235 – 293 months.[1] Without accounting for Defendant's sentencing enhancements or criminal history, Defendant's comparison to national sentencing averages does not warrant relief under § 3582(c)(1)(A)(i). *See United States v. Ignatovich*, No. 23-5043, 2023 WL 4446350, at *2 (10th Cir. 2023) (unpublished) (national average sentence for kidnapping did not show an extraordinary and compelling reason, noting the defendant's "reliance on the average kidnapping sentence of 176 months is misplaced as a comparator because his 216-month sentence, even with departures, reflected enhancements for multiple convictions, age and vulnerability of the victims, and his criminal history.").

Finally, USSG §1B1.13(b)(5) provides a "catch-all" provision for "any other circumstance or combination of circumstances that … are similar in gravity" to the circumstances explained in §1B1.13(b)(1) – (4). To the extent that Defendant intended to rely on this provision, the Court finds that Defendant's submissions do not reflect any other circumstance similar in gravity to the first four categories of the policy statement.

For these reasons, the Court finds that Defendant has not provided any sufficient basis for the Court to reconsider its previous Order [Doc. No. 52], denying Defendant's Emergency Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [Doc. No. 45]. Accordingly, Defendant's Motion for Reconsideration of Denial of Motion for Reduction of Sentence [Doc. No. 53] is **DENIED**.

---

[1] Due to the 20-year statutory maximum term of imprisonment, pursuant to 18 U.S.C. § 2252A(b)(1), Defendant's guideline imprisonment range was revised to 235 – 240 months. [Doc. No. 10, at 20].

4

5

**IT IS SO ORDERED** this 4th day of December, 2025.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge